IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| MELVIN MASSENBURGE and | § | Case No. 05-62821 |
| ANNIE MASSENBURGE | § | |
| | § | |
| Debtors | § | Chapter 7 |

EOD
09/25/2006

## **MEMORANDUM OF DECISION**

This matter is before the Court upon hearing of the "Trustee's Objection to Exemption Claim of Debtors" filed by Bob Anderson, Chapter 7 Trustee ("Trustee"), in the above-referenced case. The objection seeks to invalidate the homestead exemption claimed by the Debtors, Melvin and Annie Massenburge ("Debtors"), as to certain real property identified on the Debtors' Amended Schedule C as a "1/8 of a 1/2 undivided interest in a 108.74-acre tract in the Isaac Renfro Survey A-800 in Smith County, Texas" (hereafter, the "subject property"). A hearing was held upon this matter on June 13, 2006, and upon the conclusion of such hearing, the Court took the matter under advisement. This memorandum of decision disposes of all issues pending before the Court.[1]

*Factual and Procedural Background*

The Debtors, Melvin and Annie Massenburge, have lived less than a mile away from Mrs. Massenburge's father, James H. Redwine, on County Road 26 in the Jackson

---

[1] This Court has jurisdiction to consider the objection pursuant to 28 U.S.C. §1334 and 28 U.S.C. §157(a). The Court has the authority to enter a final order in this contested matter since it constitutes a core proceeding as contemplated by 28 U.S.C. §157(b)(2)(A), (B), and (O).

community near New Chapel Hill in Smith County, Texas for more than 20 years. As might be expected, Mr. Redwine's property, upon which Mrs. Massenburge was born and raised, has always been viewed by Mrs. Massenburge and her brothers and sisters as the family homeplace and, with their father's permission, they have conducted various activities on the homeplace over the years. Specifically, the Debtors, along with other family members, have hunted, gardened, and picnicked on various tracts of the family homeplace, including the subject property. Ms. Massenburge has often picked berries and fruit from the subject property in order to make homemade jellies or preserves. The Debtors, along with other family members, have burned trash on isolated parts of the property and they have procured dirt for road repair near their home. All of these various family activities have admittedly been conducted with the permission of the actual owner of the property – her father.

Presumably in light of his advancing age, Mr. Redwine, conveyed by warranty deed his 1/2 undivided interest in the subject property to his eight children, or the survivors thereof.[2] The seven surviving children received a 1/8 of his 1/2 undivided interest and the final 1/8 interest was divided in half and conveyed to the survivors of the eighth child. He recorded that warranty deed in June, 2004.[3] Yet he did not inform his

---

[2] It is uncontested that Mr. Redwine only conveyed an undivided 1/2 interest in the subject property. No evidence was tendered regarding the legal ownership of the other 1/2 interest.

[3] In order for an executed deed to transfer title to property under Texas law, delivery of the deed by the grantor must occur, although no particular form of words or action is required to constitute such delivery. *Taylor v. Sanford*, 108 Tex. 340, 345, 193 S.W. 661, 662 (1917). The conveyance must also be accepted by the grantee. *Id*. The recording of a deed creates a presumption that the deed was delivered,

children in any way, including Mrs. Massenburge (or her husband), that he had made any such conveyance. Meanwhile, the intermittent family usage continued.

For reasons unrelated, the Massenburges filed a petition for relief under Chapter 13 on October 14, 2005. They thereafter voluntarily converted their case to one under Chapter 7 on January 10, 2006. Bob Anderson was appointed as the Chapter 7 Trustee for their case. They originally claimed a rural homestead exemption as to their 5.442-acre homesite, without objection from the Trustee. The Trustee conducted the §341(a) meeting of creditors and thereafter filed a notice of no distribution to creditors.

Presumably after that time, but admittedly after the filing of their bankruptcy case, the Debtors learned of the conveyance of the subject property by her father in June, 2004. Over a month after the §341(a) meeting was conducted and concluded, the Debtors filed an amended Schedule C in which, in addition to homesite tract claimed earlier, they claimed a homestead exemption as to the subject property described as a "1/8 of the 1/2 undivided interest in a 108.74-acre tract in the Isaac Renfro Survey A-800 in Smith County, Texas." While acknowledging the legitimate homestead claim as to their original homesite and one additional tract,[4] the Trustee objected to the amended homestead

---

*Vannerberg v. Anderson*, 146 Tex. 302, 306, 206 S.W.2d 217, 219 (1947), and that the grantee accepted the deed. *Texas Land & Mortgage Co. v. Cohen*, 138 Tex. 464, 471, 159 S.W.2d 859, 863 (1942). No evidence constituting a dissent or disclaimer by the Debtors was introduced. *Taylor*, 108 Tex. at 346, 193 S.W. at 662 ["As a rule of reason and common sense, a delivered instrument plainly amounting to a deed of gift should operate by a presumed assent until a dissent or disclaimer appears."].

[4] The amended schedule also added a homestead claim of a 50% interest in a certain 5-acre tract to which the Trustee did not object.

exemption claim regarding the subject property.

*Discussion*

The commencement of a bankruptcy case creates an estate encompassing all legal and equitable interests in property of the debtor as of the petition date, including any property that might potentially be exempt. 11 U.S.C. §541(a). The debtor may then exempt certain property from the bankruptcy estate by claiming either the federal exemptions provided by §522(d), or any other exemptions provided by applicable federal, state, or local law. 11 U.S.C. §522(b). In assessing a debtor's claimed exemptions, the court must look to state law to interpret the state exemption rights. *Bradley v. Pacific Southwest Bank (In re Bradley)*, 121 B.R. 306, 312 (Bankr. N.D. Tex. 1990), *rev'd on other grounds*, *In re Bradley*, 960 F.2d 502 (5th Cir. 1992); *see also In re Moody,* 77 B.R. 580, 590 (S.D. Tex. 1987) ["Bankruptcy courts must resort to state law for an interpretation of state exemption rights in homesteads."], *aff'd by In re Moody*, 862 F.2d 1194 (5th Cir.). The facts and law existing as of the date of the petition govern a debtor's claimed exemptions. *Zibman v. Tow*, 268 F.3d 298, 302 (5th Cir. 2001) ["This focus on the status as of the date of filing is commonly referred to as the 'snapshot' approach to determining the extent of the bankruptcy estate and the scope of the exemptions."] (*citing White v. Stump*, 266 U.S. 310, 312, 45 S.Ct. 103, 103, 69 L.Ed. 301 (1924) ["(The Bankruptcy Code) makes the state laws existing when the petition is filed the measure of the right to exemptions."]; *Hrncirik v. Farmers Nat'l Bank (In re Hrncirik),* 138 B.R. 835,

839 (Bankr. N.D. Tex. 1992) [stating that exemptions are determined as of the date of the filing of the bankruptcy petition].

Because the Debtors in this case selected the Texas state law exemptions, the Court must look to Texas homestead law existing as of the October 14, 2005, petition date.[5] The Texas homestead exemption protects a debtor's homestead from seizure for the claims of creditors, except for encumbrances which are "properly fixed" on the homestead property. TEX. PROP. CODE ANN. §41.001(a). Section 41.001(b) then

---

[5] The relevant homestead provision in the Texas Constitution, both now and on the petition date, states that:

> The homestead, not in a town or city, shall consist of not more than two hundred acres of land, which may be in one or more parcels, with the improvements thereon; the homestead in a city, town or village, shall consist of lot or contiguous lots amounting to not more than 10 acres of land, together with any improvements on the land; provided, that the homestead in a city, town or village shall be used for the purposes of a home, or as both an urban home and a place to exercise a calling or business, of the homestead claimant, whether a single adult person, or the head of a family; provided also, that any temporary renting of the homestead shall not change the character of the same, when no other homestead has been acquired; provided further that a release or refinance of an existing lien against a homestead as to a part of the homestead does not create an additional burden on the part of the homestead property that is unreleased or subject to the refinance, and a new lien is not invalid only for that reason.

TEX. CONST. art. XVI, §51.

Similarly, the homestead provisions contained in the Texas Property Code state as follows:

> (a) If used for the purposes of an urban home or as both an urban home and a place to exercise a calling or business, the homestead of a family or a single, adult person, not otherwise entitled to a homestead, shall consist of not more than 10 acres of land which may be in one or more contiguous lots, together with any improvements thereon.
>
> (b) If used for the purposes of a rural home, the homestead shall consist of:
>     (1) for a family, not more than 200 acres, which may be in one or more parcels, with the improvements thereon; or
>     (2) for a single, adult person, not otherwise entitled to a homestead, not more than 100 acres, which may be in one or more parcels, with the improvements thereon.

TEX. PROP. CODE ANN. §41.002(a), (b) (Vernon 2000).

proceeds to describe those encumbrances which may be "properly fixed on homestead property." *See* TEX. PROP. CODE ANN. §41.001(b).

Although the party objecting to the homestead exemption has the ultimate burden of persuasion (or the risk of non-persuasion) pursuant to FED. R. BANKR. P. 4003(c), the debtor-claimant must sustain an initial burden of production or going forward with the evidence to establish that the referenced property qualifies for the exemption claimed before the objecting party is obligated to go forward with his proof. This is consistent with Texas law in this area which requires any homestead claimant to prove that the property claimed as homestead actually qualifies for the homestead exemption. *See, e.g., Perry v. Dearing (In re Perry),* 345 F.3d 303, 311 (5th Cir. 2003) ["The claimant has the initial burden of establishing homestead status."] (*citing Burk Royalty Co. v. Riley,* 475 S.W.2d 566, 568 (Tex. 1972)); *Bradley v. Pac. Southwest Bank (In re Bradley),* 960 F.2d 502, 507 (5th Cir. 1992).

To establish homestead rights under Texas law, "a party must show overt acts of homestead usage, and an intention on the part of the owner to claim the property as homestead." *Wilcox v. Marriott*, 103 S.W.3d 469, 472 (Tex. App. – San Antonio 2003, pet. denied) (citations and internal quotations omitted). The Debtors assert, without contradiction by the Trustee, that the activities in which they engaged in past years on the subject property constitute the type of "overt acts" which would otherwise support the finding of a homestead claim. Yet the Trustee challenges whether the Debtors could have

possessed the requisite intent to claim the subject property as part of their homestead prior to the filing of their bankruptcy case when they were admittedly unaware of any conveyance by Mr. Redwine or that they owned any possessory interest in the subject property.

This presents a unique scenario for which no reported decision was located. However, as the Texas Court of Appeals recently reminded us, "[e]very fact that is essential to the existence of the asserted homestead right must be established by evidence not of a doubtful nature... [and] in order to establish homestead rights there must be proof of *concurrence of usage <u>and</u> intent on the part of the owner to claim the land as a homestead.*" *Chapman v. Olbrich*, 2006 WL 1765934, at *11 (Tex. App. – Houston [14th Dist.] June 29, 2006, no pet.) (citations omitted and emphasis added).

Serious doubts exist in this context with regard to the Debtors' stated intention to claim this property as a part of their homestead. So long as the Debtors were unaware that any conveyance of the property had been made, it is highly doubtful that either of them possessed an intent to occupy the subject property as part of their homestead to the exclusion of her father. As to their state of mind prior to the bankruptcy filing, nothing had changed from all of the earlier years in which their activities on the subject property were performed only with the permission of, and subject to the absolute right of control and possession by, her father. Hence, because the Debtors did not believe that they held any type of ownership or possessory interest in the subject property prior to the filing of

their bankruptcy petition, the Court concludes that the Debtors could not have formed at that time the requisite intent to claim that property as a detached tract of their homestead. Without such an intention, no homestead claim existed as to that tract as of the date of the bankruptcy. Therefore, the Court concludes that the Debtors have failed to sustain their initial burden of production to demonstrate that the subject property qualifies for a homestead exemption under Texas law and that the Trustee's objection to their amended exemption claim must therefore be sustained.

This memorandum of decision constitutes the Court's findings of fact and conclusions of law[6] pursuant to Fed. R. Civ. P. 52, as incorporated into contested matters in bankruptcy cases by Fed. R. Bankr. P. 7052 and 9014. A separate order will be entered which is consistent with this opinion.

Signed on 09/25/2006

_____
THE HONORABLE BILL PARKER
CHIEF UNITED STATES BANKRUPTCY JUDGE

---

[6] To the extent that any finding of fact is construed to be a conclusion of law, it is hereby adopted as such. To the extent any conclusion of law is construed to be a finding of fact, it is hereby adopted as such. The Court reserves the right to make additional findings and conclusions as necessary or as may be requested by any party.